IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSITE CORPORATION INC.,

   **Appellant,**

       v.

WALSH CONSTRUCTION COMPANY,
PUERTO RICO,

   **Appellee.**

CIVIL NO. 21-1404 (JAG)

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

    Pending before the Court is Appellant Insite Corporation's ("Insite") appeal from the Bankruptcy Court's dismissal of its unjust enrichment claim. Docket Nos. 1; 9. Appellee Walsh Construction Company, Puerto Rico ("Walsh") responded to Appellant's Brief, Docket No. 12; Appellant replied, Docket No. 13; and Appellee sur-replied, Docket No. 14. For the reasons stated below, the Court hereby **AFFIRMS** the Bankruptcy Court's dismissal of Insite's unjust enrichment claim.

    After being awarded a contract by the Department of Veterans Affairs in September 2010, Walsh subcontracted Insite to perform concrete and masonry work for the project ("Project"). In December 2011, Walsh sent Insite a Notice of Default for materially breaching the subcontract by failing to pay its suppliers and granted Insite 72 hours to remedy the default. Hours later, Insite filed for Chapter 11 bankruptcy protection. Insite continued performing some work on the Project after filing for bankruptcy. In May 2012, Insite filed an adversary complaint alleging Walsh breached the subcontract by withholding payments for work performed. The Bankruptcy Court dismissed the complaint, finding that Insite was not entitled to payment under the subcontract

**CIVIL NO.** 21-1404 (JAG)                                                                 2

because it failed to cure its arrears with its suppliers. Insite appealed. The District Court affirmed. The First Circuit agreed with the Bankruptcy Court's reasoning, but vacated the dismissal and remanded the case on the limited issue of "whether Walsh was benefited by Insite's post-default performance in such a way that Insite has an equitable claim under Puerto Rico law." *In re Insite Corp., Inc.*, 906 F.3d 138, 141 (1st Cir. 2018). Specifically, the First Circuit stated "[*i*]*f* the court finds that Walsh benefited at Insite's expense, the court first must determine the scope of [Insite's] property rights under state law, if any, in the value of its performance." *Id.* at 150 (cleaned up).

Insite concedes that the existence of a contract that "governs the dispute at issue" precludes the application of the unjust enrichment doctrine. Docket No. 9 at 19. The Bankruptcy Court correctly found that the dispute in this case, whether Insite was owed money for the work performed after the Notice of Default but before Walsh could terminate the subcontract, was governed by the subcontract between Insite and Walsh. Specifically, section 3.12 provides that Walsh could "withhold amounts otherwise due under this Agreement or any other agreement between the parties to cover [its] reasonable estimate of any costs or liability [it] has incurred or may incur for which [Insite] may be responsible." Docket No. 12-1 at 15. Section 8.1 further granted Walsh the right to withhold payment until Insite paid the amounts owed to its workers, subcontractors, or suppliers. *Id.* at 19. The First Circuit found that "Insite's admitted failure to timely pay its suppliers was a material breach pursuant to Section 8.1 of the subcontract." *In re Insite Corp., Inc.*, 906 F.3d at 146 (1st Cir. 2018). Thus, sections 3.12 and 8.1 of the subcontract governs the dispute raised by Appellant, whether they were entitled to payment for post-default work performed before termination of the agreement.

Moreover, the First Circuit asked the Bankruptcy Court to consider whether Insite was entitled to equitable relief "[*i*]*f* the court finds that Walsh benefited at Insite's expense." *Id.* at 150.

CIVIL NO. 21-1404 (JAG)                                                                                                       3

Walsh has shown that it did not benefit at Insite's expense. Walsh's costs in completing Insite's scope of work on the Project ($2,797,650.91, which included the debts owed by Insite to its suppliers) exceeded the value of Insite's performance ($591,953.00). Thus, Insite does not have an equitable claim under Puerto Rico law because Walsh was not enriched by Insite's post-default performance. *See Ortiz Andujar v. E.L.A.*, 22 P.R. Offic. Trans. 774, 780 (1988).

Insite argues that the evidence of the costs incurred by Walsh to complete the Project could not be considered by the Bankruptcy Court at the motion to dismiss stage. However, when adjudicating motions to dismiss, courts may consider "documents the authenticity of which are not disputed by the parties," and "documents central to plaintiffs' claim." *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (cleaned up). Here, other than a conclusory statement that these exceptions do not apply, Insite has not challenged—neither before this Court nor before the Bankruptcy Court—the authenticity of the documents submitted by Walsh, which are clearly central to Insite's unjust enrichment claim to show whether Walsh benefitted from Insite's post-default work.[1]

For these reasons, the Court hereby **AFFIRMS** the Bankruptcy Court's dismissal of the unjust enrichment claim and **DISMISSES WITH PREJUDICE** Insite's appeal. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, September 29, 2022.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[1] It is also worth noting that Insite also submitted documents outside the pleadings when opposing Walsh's motion to dismiss the adversary proceeding in Bankruptcy Court. *See* Docket No. 9-1 at 111-185.